J. RAMOS GONZÁLEZ & CO., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 810.—*Sometido:* Mayo 9, 1930. *Resuelto:* Mayo 27, 1930.

*M. Marcos Morales,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En la escritura que dió lugar a la nota de que se recurre en este caso, comparecieron Juan Ramos González, su esposa Rita Vázquez, y Bernardo Caamaño, para constituir una sociedad mercantil, bajo el nombre "J. Ramos González & Co.," por un término de cinco años, con domicilio en Cayey, y siendo socios gestores los tres comparecientes. La aportación de Juan Ramos González era de $31,043.92, la de doña Rita Vázquez, de $7,285, y la de Caamaño de $1,196.83; y se constituyen las aportaciones en esta forma: Ramos González, la mitad del valor de dos inmuebles, solares y casas, en Cayey, y mercaderías y cuentas; su esposa Rita Vázquez, la otra

mitad del valor de los mismos inmuebles, y mercaderías; y Caamaño en efectivo; según aparece de la escritura los inmuebles aportados fueron adquiridos por los esposos Ramos Vázquez como tales esposos. En la misma escritura se establecen la forma y cuantía del reparto de beneficios en proporción de un 20 por ciento para Rita Vázquez, otro tanto para Caamaño, y un 60 por ciento para Ramos; y se pacta acerca de la administración; se conviene en que el socio que viola los pactos sociales pueda ser separado de la sociedad; y en que los bienes sociales no pueden ser vendidos a un tercero o extraño; y otras cláusulas que no tienen importancia para los fines de este recurso. La escritura tiene fecha 16 de enero de 1928.

Presentada al Registro de la Propiedad de Guayama la copia de esa escritura, para inscripción, el registrador puso la siguiente nota:

"DENEGADA la inscripción del presente documento, porque el contrato social a que el mismo se contrae es contrario a lo preceptuado en el Código Civil con relación a la sociedad de gananciales entre marido y mujer, e infringe especialmente los artículos 1301, 1310, 1342, 1361 y 1444 de dicho Código, y se toma en su lugar anotación preventiva por 120 días, de acuerdo con la ley, a los folios 44 y 26 de los tomos 49 y 53 de Cayey, fincas números 2326 y 2398 anotaciones A, respectivamente, consignándose en ambos asientos el defecto subsanable de no acreditarse el carácter de privativos de los demás bienes, después de las referidas dos fincas, aportados por el esposo de Rita Vázquez, Juan Ramos González, independientemente de los gananciales; y el defecto subsanable, además en cuanto a la finca No. 2398 de no expresarse el estado civil de Juan Ramos González al adquirirla y de ser casado, que lo fuera con Rita Vázquez que era su esposa al promover el expediente de la misma. La finca que se relaciona con el número 2398 no se halla afecta a carga alguna, pero la otra, la número 2326 se halla afecta a la hipoteca por cinco mil dólares de que se hace mención en este documento.''

Y contra ella se ha interpuesto el recurso.

Puede y debe decirse aquí, que tanto el recurrente como el registrador han presentado alegatos brillantemente redactados y sólidamente razonados. No necesitamos entrar en el

estudio de cada uno de los problemas legales que se ofrecen, si encontramos que uno de ellos es bastante para nuestra resolución.

Es evidente que, para llegar a constituir esta sociedad, los esposos Ramos González y Rita Vázquez, han establecido como procedente la división, si no material, jurídica, de las fincas que adquirieron durante el matrimonio, y que tienen el carácter de bienes gananciales; y considerándose dueños, cada uno de una mitad, hacen la aportación. Y es asimismo indudable que sobre el producto de dichos bienes más o menos directo o inmediato, han constituído una regla de división, que no es la de la mitad para cada uno, y un sistema de administración en el que puede ser administrador el esposo, puede serlo la esposa, y puede serlo un tercero, o sea Caamaño, y aun tienen facultades para vender y permutar.

Para nosotros no hay duda de que los bienes de que se trata tienen el carácter de gananciales, no ya sólo por la presunción que ha establecido la ley (Art. 1282 Código Civil de Puerto Rico) sino porque las declaraciones de los cónyuges así lo demuestran.

La sociedad de gananciales no es una resultancia de la voluntad de los contrayentes en el matrimonio: es una creación de la ley, cuando acerca del régimen económico de la sociedad conyugal nada se ha establecido previamente por los futuros esposos. Ha llegado la ley hasta establecer, no sólo la existencia del régimen de gananciales como ley de la sociedad conyugal, a falta de otro pacto previo, sino el *estado* de los bienes adquiridos durante el matrimonio, según el artículo del Código Civil de Puerto Rico que copiamos:

"Artículo 1322. Se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer."

Requiere este especial cuidado de la ley, no ya la protección de uno de los cónyuges, o la de los hijos, para el futuro, sino la consideración del matrimonio, y los diversos aspectos

y fines de la sociedad conyugal en su relación con los ajenos a ella.

El Código Civil de Puerto Rico, ha estatuído que la sociedad de gananciales empieza precisamente en el día de la celebración del matrimonio; y se extingue a la disolución del mismo. Por ella se adquieren derechos y se constituye la entidad en responsabilidades; y si bien éstas tienen una solución definitiva y matemática tanto mientras existe la sociedad como a su disolución, aquéllos no tienen, mientras el matrimonio subsiste, una realización práctica como la de que cada socio tenga una parte fija y determinada durante la existencia de la sociedad. Así se ve del código, que mientras en los artículos 1323 a 1326, inclusives, establecen las responsabilidades que pueden tener una inmediata solución, deudas y obligaciones contraídas por el matrimonio, réditos y atrasos, reparaciones de bienes, alimentos y educación de la prole, y otras, en el artículo 1310, capital en lo que a la naturaleza de la sociedad se refiere, se emplean el futuro "harán suyos" y la condición "al disolverse el matrimonio." El artículo dice:

"Artículo 1310. Mediante la sociedad de gananciales, el marido y la mujer harán suyos, por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio."

Los bienes gananciales, mientras el matrimonio existe y subsiste, pertenecen a la comunidad conyugal. Sólo cuando el matrimonio se disuelve podrán fijarse las mitades de que habla la ley; antes, no; que la voluntad de los cónyuges no puede romper el mandato y la creación de la ley. Y en esta escritura, lo primero que hacen estos cónyuges es adelantar un futuro al que ellos no pueden alcanzar, y considerar como de hecho lo que no es más que un derecho *in potentia*. Y así se dan por dueños cada uno de una mitad de las fincas, y sobre esto basan su aportación.

Es más: las rentas, frutos, o intereses de esos bienes, pertenecen, según la ley, en su día, de por mitad a los cón-

yuges o sus derechohabientes. ¿Cómo pueden ahora los esposos cambiar esa cuota y darse en ella designal participación?

Y aún más grave es la cuestión de administración. Por ley es el marido el administrador de la sociedad (Art. 1327 Código Civil) y sólo su ausencia o incapacidad origina la transferencia de la administración a la mujer (Artículo 1347, Código citado). En esta escritura, esos bienes aportados se someten a la administración del esposo, o la de la esposa y a la de un tercero, Caamaño.

El registrador tiene razón en este particular.

*Por las razones expresadas, se confirma la nota denegatoria de inscripción, puesta a la escritura de sociedad otorgada por Juan Ramos González, Rita Vázquez y Bernardo Caamaño, ante el notario don Miguel Marcos Morales, en Cayey a 16 de enero de 1928.*